UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STEPHANIE ADAMS, Individually
and on behalf of all others
similarly situated,

        Plaintiffs,

v.                                      Action No. 2:18cv559

APPLIED BUSINESS SERVICES,

        Defendant.

## MEMORANDUM ORDER

The Defendant, Applied Business Services ("Applied"), moved for leave to file a Surreply in summary judgment briefing recently concluded on Plaintiffs' motion. (ECF No. 23). Its request for leave merely notes that the court has discretion to permit surreplies, and otherwise relies on the proffered Surreply itself as sufficient grounds to exercise that discretion. After reviewing the proffered Surreply and Plaintiffs' brief opposing leave, the court finds no basis to permit a Surreply on the grounds asserted and therefore DENIES Defendant's motion.

Local Rule 7(F)(1) provides that other than a motion's opening brief in support, the opposing party's responsive brief, and the movant's reply brief, "[n]o further briefs or written communications may be filed without first obtaining leave of Court." Accordingly, allowing a surreply is within the court's discretion. See, e.g., United States ex. rel. Carter v.

1

Halliburton Co., No.1:11cv602, 2011 WL 6178878, at *12 (E.D. Va. Dec. 12, 2011) (rev'd on other grounds). In deciding whether to exercise that discretion, the court should consider whether prejudice will result from the court considering a new argument without the opposing party's having an opportunity to respond. See Clawson v. FedEx Ground Package Sys., Inc., 451 F. Supp. 2d 731, 734 (D. Md. 2006) (citing United States v. Williams, 445 F.3d 724, 736 n.6 (4th Cir. 2006); United States v. Head, 340 F.3d 628, 630 n.4 (8th Cir. 2003)). To cure any such prejudice, a surreply is appropriate where "a party brings forth new material or deploys new arguments in a reply brief." Id. However, an opposing party "may not submit a surreply simply because [the movant] used their reply brief to further support an argument made in their opening brief or to respond to new arguments in [the opposing party's] opposition." United States ex rel. Carter, 2011 WL 6178878, at *12.

The sole issue addressed by Defendant's proffered Surreply is Plaintiff Adams' assertion in a Reply brief that she had produced in discovery a collection letter from Defendant dated September 5, 2018. Applied's Surreply states that this claim – that Adams had produced the letter in discovery – is "false," and proceeds to try and demonstrate its falsity by citing other discovery and deposition transcripts which reveal the letter was originally produced by Applied after it had been discussed in depositions and

2

regenerated from an electronic record. This claim supposedly furthers arguments raised in Applied's initial opposition concerning the adequacy of Plaintiff's claim.

Further briefing on the Motion for Leave, however, forced Defendant to concede that Plaintiff had in fact produced the September 5, 2018 letter in discovery, albeit in a supplemental initial disclosure filed May 1, 2019 after Defendant had regenerated and produced it. (ECF No. 25, ¶¶ 6-4); Supplemental Disclosure (ECF No. 25-1). Ultimately, the issue of when the document was produced is collateral to the core issue of whether Defendant was on notice of Plaintiff's claims which primarily relate to allegedly false statements contained in an August 30, 2018 letter from Applied. Moreover, Plaintiff's reply, which raised the issue of Plaintiff's production, did no more than respond to Defendant's opposition, which first raised the issue of Plaintiff's <u>lack of</u> production to support its arguments. Def.'s Opp. to Summ. J. 2 (ECF No. 20). A party is "allowed to reply to counterpoints made by [its opponent] in the opposition – this is the entire purpose of a reply." <u>Alston v. United Collections Bureau, Inc.</u> No. DKC13-0913, 2014 WL 6012971 at *14 (D.Md. Mar. 4, 2014) (internal quotation omitted). Finally, there appears to be no dispute that the September 5, 2018 letter was sent by the Defendant. And thus the issue of whether it is material to Plaintiff's Motion for Summary Judgment or Defendant's Opposition

3

is already adequately presented in the briefing before the court. Applied has stated no basis for the court to exercise discretion and permit a Surreply. Its motion to do so is therefore DENIED.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

August 30, 2019